**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| MICHIGAN INSURANCE COMPANY, as subrogee of UNIBAND USA, LLC,<br><br>Plaintiff<br><br>v.<br><br>EUROMONTAGGI s.r.l., a foreign corporation; and<br><br>CORAL ENGINEERING s.r.l., a foreign corporation; and<br><br>JOHN DOES 1-10 and ABC COMPANIES 1-10 (fictitious names),<br><br>Defendants. | DOCKET NO.:<br><br>COMPLAINT |

**COMPLAINT**

Plaintiff, Michigan Insurance Company (hereinafter "MIC"), as subrogee of Uniband USA LLC (hereinafter "Uniband"), by and through its undersigned counsel, files this Complaint against Defendants Coral Engineering s.r.l., a foreign corporation (hereinafter "Coral"), and Euromontaggi s.r.l., a foreign corporation, (hereinafter "Euromontaggi") states as follows:

**PARTIES**

1. Plaintiff, MIC, is a corporation incorporated in Michigan with its principal place of business located at 1700 East Beltline NE, Suite 100, Grand Rapids, MI 49525, and was authorized to issue policies of insurance in the State of Michigan.

2. Uniband is a limited liability company organized and existing in the State of Michigan with a principal place of business located at 2500 Turner Ave. NW, Grand Rapids, MI 49544 ("Subject Property").

3. At all relevant times, Uniband had a policy of insurance with MIC under a policy number of CPJ9365504.

4. At all times relevant hereto, Defendant, Coral was organized and existing in the Country of Italy, with a principal place of business located at Via Venezia, 4/6 20060 Trezzano Rosa, Milano 20060 Italy.

5. At all relevant times, Coral was a company specializing in the design and installation of air filtration systems, painting booths, and dust filters in Italy and within the United States.

6. At all times relevant hereto, Defendant, Euromontaggi was organized and existing under the laws of the Country of Italy, with a principal place of business located at Via Marie Curie SNC, 10073 Ciriè (TO), Italy, which is situated within the Metropolitan City of Turin.

7. Defendants John Does 1-10 and ABC Companies 1-10 are fictitious names for individuals and entities, presently unknown, who performed work, associated with the installation of an anti-pollution and electrostatic filter at the Subject Property. Plaintiff will amend this Complaint pursuant to F.R.C.P. 10 when their identities are ascertained.

8. At all times relevant hereto Euromontaggi assisted Coral and/or performed work associated with the installation of an anti-pollution and electrostatic filter at the Subject Property.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states and foreign countries.

10. This Court has personal jurisdiction over the Defendants, Coral and Euromontaggi, because they transacted business in the State of Michigan, contracted to perform work in Michigan, and/or caused consequences to occur in Michigan giving rise to the claims asserted herein.

11. Upon information and belief, Coral transacts and transacted business within the State of Michigan or contracted to sell or supply goods, and/or provide installation of equipment or services in Michigan during the time frame relevant to the allegations herein.

12. Upon information and belief, Euromontaggi contracted to install, and/or assisted in the installation of, anti-pollution and electrostatic filtration equipment at the Subject Property located in Kent County, Michigan, during the time period relevant to the allegations herein.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Kent County, Michigan, which lies within the Western District of Michigan.

**STATEMENT OF FACTS**

14. On or around November of 2023, Uniband hired Coral to install support brackets for the vertical vent piping for the machine exhaust system ("Subject Work") at the Subject Property.

15. Upon information and belief, Coral retained subcontractor Euromontaggi to assist in the Subject Work.

16. On or about November 24, 2023, workers from Coral and/or Euromontaggi were cutting into metal siding while installing the brackets when it ignited combustible materials, including fiber board and/or cellulose insulation within the wall cavity at the Subject Property.

17. The heat and embers from cutting into an exterior metal siding ignited the combustible material(s), which then spread throughout the Subject Property causing significant damage.

18. Defendants violated industry standards requiring them to ensure no combustible materials were in vicinity of embers and heat before conducting their work, including cutting.

19. As a result of the fire, Uniband sustained significant property damage and made an insurance claim to MIC.

20. Pursuant to its policy, MIC reimbursed Uniband for the damage it sustained.

21. By virtue of its payments, MIC is now legally, equitably, and contractually subrogated to Uniband's claims against any responsible third parties, including claims against Defendants.

**COUNT I – NEGLIGENCE**

**(MIC v. Coral)**

22. Plaintiff incorporates the foregoing paragraphs as though more fully set forth at length herein.

23. Defendant Coral owed the Insured duties to, among other things, exercise due care and provide proper training, supervision, oversight, and performance of the work by its employees and/or subcontractors to minimize any potential causes of fire at the Subject Property.

24. Defendant Coral owed a duty of reasonable care to Uniband to inspect, service, and perform its work in a safe, professional, careful, and workmanlike manner.

25. Defendant Coral, by and through its agents, servants, employees, subcontractors and/or other designees, all acting within the course, scope and authority of their employment failed to exercise reasonable care in performing its work at the Subject Property.

26. Defendant Coral, by and through its agents, servants, employees, subcontractors and/or other designees, all acting within the course, scope and authority of their employment, negligently and/or carelessly breached its duty of care owed to Uniband by:

(a) causing or allowing the fire to occur through improperly installing metal brackets;

(b) failing to ensure compliance with the manufacturer's instructions relative to the installation of brackets;

(c) failing to properly and safely perform cutting in a manner to avoid sparks and/or heat that could ignite surrounding combustible materials;

(d) failing to investigate whether the work had the propensity to ignite the Subject Property under certain circumstances;

(e) failing to take all reasonable and necessary precautions to safeguard the Subject Property against the risk of fire and/or damage;

(f) failing to maintain a fire watch and/or ensure the presence of fire extinguishing equipment in the event of ignition;

(g) failing to properly investigate and inspect the siding, prior to installing brackets, in accordance with governing codes, standards, and regulations;

(h) failing to exercise reasonable care under the circumstances in ways that may be disclosed during the course of discovery;

(i) failing to ensure that the Subject Work was completed properly so as to prevent failure or risk of damage; and

(j) otherwise failing to exercise due care under the circumstances.

27. As a direct and proximate cause of Defendant Coral's negligent acts and/or omissions, by and through its agents, servants, employees, subcontractors and/or other designees, all acting within the course, scope and authority of their employment, Uniband suffered significant fire and water damage to its property in an amount of Seven Hundred Sixty-Seven Thousand One Hundred Seventy-Three Dollars and Twenty-Eight Cents ($767,173.28).

WHEREFORE, Plaintiff demands judgment against Coral, for damages in excess of $75,000.00 and in an amount that is fair and reasonable to compensate for Plaintiff's losses, for pre-judgment interest and such other further relief as the Court deems just and proper.

**COUNT II – NEGLIGENCE**

**(MIC v. Euromontaggi)**

28. Plaintiff incorporates the foregoing paragraphs as though more fully set forth at length herein.

29. Defendant Euromontaggi owed the Insured duties to, among other things, exercise due care and provide proper training, supervision, oversight, and performance of the work by its employees and/or subcontractors to minimize any potential causes of fire at the Subject Property.

30. Defendant Euromontaggi owed a duty of reasonable care to Uniband to inspect, service, and perform its work in a safe, professional, careful, and workmanlike manner.

31. Defendant Euromontaggi, by and through its agents, servants, employees, subcontractors and/or other designees, all acting within the course, scope and authority of their employment failed to exercise reasonable care in performing its work at the Property. Defendant Euromontaggi, by and through its agents, servants, employees, subcontractors and/or other designees, all acting within the course, scope and authority of their employment, negligently and/or carelessly breached its duty of care owed to Uniband by:

(a) causing or allowing the fire to occur through improperly installing metal brackets;

(b) failing to ensure compliance with the manufacturer's instructions relative to the installation of brackets;

(c) failing to properly and safely perform cutting in a manner to avoid sparks and/or heat that could ignite surrounding combustible materials;

(d) failing to investigate whether the work had the propensity to ignite the Subject Property under certain circumstances;

(e) failing to take all reasonable and necessary precautions to safeguard the Subject Property against the risk of fire and/or damage;

(f) failing to maintain a fire watch and/or ensure the presence of fire extinguishing equipment in the event of ignition;

(g) failing to properly investigate and inspect the siding, prior to installing brackets, in accordance with governing codes, standards, and regulations;

(h) failing to exercise reasonable care under the circumstances in ways that may be disclosed during the course of discovery;

(i) failing to ensure that the Subject Work was completed properly so as to prevent failure or risk of damage; and

(j) otherwise failing to exercise due care under the circumstances.

32. As a direct and proximate cause of Defendant Euromontaggi's negligent acts and/or omissions, by and through its agents, servants, employees, subcontractors and/or other designees, all acting within the course, scope and authority of their employment, Uniband suffered significant fire and water damage to its property in an amount of Seven Hundred Sixty-Seven Thousand One Hundred Seventy-Three Dollars and Twenty-Eight Cents ($767,173.28).

WHEREFORE, Plaintiff demands judgment against Euromontaggi, for damages in excess of $75,000.00 and in an amount that is fair and reasonable to compensate for Plaintiff's losses, for pre-judgment interest and such other further relief as the Court deems just and proper.

**COUNT III – NEGLIGENCE**

**(MIC v. John Does 1-10 and ABC Companies 1-10)**

33. Plaintiff incorporates the foregoing paragraphs as though more fully set forth at length herein.

34. Defendants John Does 1-10 and ABC Companies 1-10 owed the Insured duties to, among other things, exercise due care and provide proper training, supervision, oversight, and performance of the work by their employees and/or subcontractors to minimize any potential causes of fire at the Subject Property.

35. Defendants John Does 1-10 and ABC Companies 1-10 owed a duty of reasonable care to Uniband to inspect, service, and perform their work in a safe, professional, careful, and workmanlike manner.

36. Defendants John Does 1-10 and ABC Companies 1-10, by and through their agents, servants, employees, subcontractors and/or other designees, all acting within the course, scope and authority of their employment failed to exercise reasonable care in performing their work at the Property.

37. Defendants John Does 1-10 and ABC Companies 1-10, by and through their agents, servants, employees, subcontractors and/or other designees, all acting within the course, scope and authority of their employment, negligently and/or carelessly breached their duty of care owed to Uniband by:

(a) causing or allowing the fire to occur through improperly installing metal brackets;

(b) failing to ensure compliance with the manufacturer's instructions relative to the installation of brackets;

(c) failing to properly and safely perform cutting in a manner to avoid sparks and/or heat that could ignite surrounding combustible materials;

(d) failing to investigate whether the work had the propensity to ignite the Subject Property under certain circumstances;

(e) failing to take all reasonable and necessary precautions to safeguard the Subject Property against the risk of fire and/or damage;

(f) failing to maintain a fire watch and/or ensure the presence of fire extinguishing equipment in the event of ignition;

(g) failing to properly investigate and inspect the siding, prior to installing brackets, in accordance with governing codes, standards, and regulations;

(h) failing to exercise reasonable care under the circumstances in ways that may be disclosed during the course of discovery;

(i) failing to ensure that the Subject Work was done properly so as to prevent failure or risk of damage; and

(j) otherwise failing to exercise due care under the circumstances.

38. As a direct and proximate cause of the negligent acts and/or omissions of Defendants John Does 1-10 and ABC Companies 1-10, by and through their agents, servants, employees, subcontractors and/or other designees, all acting within the course, scope and authority of their employment, Uniband suffered significant fire and water damage to its property in an amount of Seven Hundred Sixty-Seven Thousand One Hundred Seventy-Three Dollars and Twenty-Eight Cents ($767,173.28).

WHEREFORE, Plaintiff demands judgment against John Does 1-10 and ABC Companies 1-10, jointly and severally, for damages in excess of $75,000.00 and in an amount that is fair and reasonable to compensate for Plaintiff’s losses, for pre-judgment interest and such other further relief as the Court deems just and proper.

**COUNT IV – BREACH OF CONTRACT**

**(MIC v. Coral)**

39. Plaintiff incorporates the foregoing paragraphs as though more fully set forth at length herein.

40. Pursuant to Defendant Coral's contract with the Insured, for good and valuable consideration, Coral agreed to provide services at the Subject Property, including installing the brackets.

41. Coral owed a duty to Uniband to perform its contractual services in a good, professional, and workmanlike manner free from negligence and defects.

42. Coral, by and through its agents, employees, servants, representatives, subcontractors, subagents, and/or workers, acting in the course and scope of their employments, breached its contract with Uniband through one or more of the aforementioned acts or omissions.

43. Defendant Coral's breach of contract was the direct and proximate cause of the damages and expenses suffered by Uniband.

44. As a direct and proximate result of Defendant's breach of contract, by and through its agents, servants, employees and/or designees, all acting within the course, scope and authority of their employment, Uniband suffered extensive fire and water damage to its property in an amount of Seven Hundred Sixty-Seven Thousand One Hundred Seventy-Three Dollars and Twenty-Eight Cents ($767,173.28).

WHEREFORE, Plaintiff demands judgment against Coral, for damages in excess of $75,000.00 and in an amount that is fair and reasonable to compensate for Plaintiff's losses, for pre-judgment interest and such other further relief as the Court deems just and proper.

**COUNT V – BREACH OF WARRANTY**

**(MIC v. Coral)**

45. Plaintiff incorporates the foregoing paragraphs by reference as though more fully set forth at length herein.

46. Defendant expressly and/or impliedly warranted that the results of its work would be fit for its intended purposes and free of defects.

47. In undertaking to perform services, including the installation of an anti-pollution and electrostatic filter, Defendant Coral expressly and/or impliedly warranted that the work and materials provided would conform to generally accepted standards of workmanship and that the work would be free of defects.

48. The work conducted by Defendant Coral was not conducted in a manner that conformed to the generally accepted standards of workmanship and was not free of defect.

49. As a direct and proximate result of Defendant Coral's breach of its express and/or implied warranties, Uniband suffered extensive fire and water damage to its property in an amount

of Seven Hundred Sixty-Seven Thousand One Hundred Seventy-Three Dollars and Twenty-Eight Cents ($767,173.28).

WHEREFORE, Plaintiff demands judgment against Coral, for damages in excess of $75,000.00 and in an amount that is fair and reasonable to compensate for Plaintiff's losses, for pre-judgment interest and such other further relief as the Court deems just and proper.

**COUNT VI – BREACH OF WARRANTY**

**(MIC v. Euromontaggi)**

50. Plaintiff incorporates the foregoing paragraphs by reference as though more fully set forth at length herein.

51. Euromontaggi expressly and/or impliedly warranted that the results of its work would be fit for its intended purposes and free of defects.

52. In undertaking to perform services, including the installation of an anti-pollution and electrostatic filter, Defendant Euromontaggi expressly and/or impliedly warranted that the work and materials provided would conform to generally accepted standards of workmanship and that the work would be free of defects.

53. The work conducted by Defendant Euromontaggi was not conducted in a manner that conformed to the generally accepted standards of workmanship and was not free of defect.

54. As a direct and proximate result of Defendant Euromontaggi's breach of its express and/or implied warranties, Uniband suffered extensive fire and water damage to its property in an amount of Seven Hundred Sixty-Seven Thousand One Hundred Seventy-Three Dollars and Twenty-Eight Cents ($767,173.28).

WHEREFORE, Plaintiff demands judgment against Euromontaggi, for damages in excess of $75,000.00 and in an amount that is fair and reasonable to compensate for Plaintiff's losses, for pre-judgment interest and such other further relief as the Court deems just and proper.

**COUNT VII – BREACH OF WARRANTY**

**(MIC v. John Does 1-10 and ABC Companies 1-10)**

55. Plaintiff incorporates the foregoing paragraphs by reference as though more fully set forth at length herein.

56. In undertaking to perform services, including the installation of an anti-pollution and electrostatic filter, Defendants John Does 1-10 and ABC Companies 1-10 expressly and/or impliedly warranted that the work and materials provided would conform to generally accepted standards of workmanship and that the work would be free of defects.

57. The work conducted by Defendants John Does 1-10 and ABC Companies 1-10 was not conducted in a manner that conformed to the generally accepted standards of workmanship and was not free of defect.

58. As a direct and proximate result of the breach of express and/or implied warranties by Defendants John Does 1-10 and ABC Companies 1-10, Uniband suffered extensive fire and water damage to its property in an amount of Seven Hundred Sixty-Seven Thousand One Hundred Seventy-Three Dollars and Twenty-Eight Cents ($767,173.28).

WHEREFORE, Plaintiff demands judgment against John Does 1-10 and ABC Companies 1-10, jointly and severally, for damages in excess of $75,000.00 and in an amount that is fair and reasonable to compensate for Plaintiff's losses, for pre-judgment interest and such other further relief as the Court deems just and proper.

**JURY DEMAND**

Michigan Insurance Company, as subrogee of Uniband USA LLC, respectfully requests trial by jury as to all issues presented in this matter.

Respectfully submitted,

CARDELLI LANFEAR, P.C.

_*/s/ Anthony F. Caffrey III*______
Anthony F. Caffrey III (P60531)
Attorneys for Plaintiff
2800 Livernois, Suite 610
Troy, MI 48083
(248) 544-1100
(248) 544-1191 Fax
acaffrey@cardellilaw.com
Attorneys for Plaintiff,
MICHIGAN INSURANCE COMPANY,
as subrogee of UNIBAND USA, LLC

Dated: October 7, 2026